IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTOR CRISTEA and
JENNIFER CRISTEA, individually
And as natural tutors of their minor son,
G.C.
    Plaintiffs

CIVIL ACTION NO. 2:23-cv-02768

VERSUS

JUDGE GREG GERARD GUIDRY

ARBORPRO, INC.
THE CITY OF NEW ORLEANS
BAYOU TREE SERVICE, INC.
SMITH CONSTRUCTION COMPANY,
and HUDSON INSURANCE COMPANY
    Defendants

MAGISTRATE JUDGE MICHAEL NORTH

## ORDER AND REASONS

The Court has before it three Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by three Defendants in this matter: Bayou Tree Service, Inc. ("Bayou"), R. Doc. 8; ArborPro, Inc. ("ArborPro"), R. Doc. 29; and the City of New Orleans ("New Orleans"), R. Doc. 30. Plaintiffs Victor and Jennifer Cristea (collectively "Plaintiffs") have responded in opposition to each Defendant's Motion. R. Docs. 13; 38; 39. Bayou has also submitted a reply memorandum. R. Doc. 19. Having considered the parties' briefing and the applicable law and facts, the Court will DENY all three Defendants' Motions.

I.    BACKGROUND

This matter arises as a result of tragic and critical injuries sustained by a child when a large limb broke away from an oak tree (the "subject tree") and fell, crushing him. On July 7, 2023, Plaintiffs and their two children, a Texas family visiting New Orleans, were sitting on a bench

1

under an oak tree in Jackson Square when the tree limb fell, striking the child, hereinafter referred to as G.C. R. Doc. 2-1 at 1–2; 10. G.C. remains hospitalized in a coma and his future is uncertain. R. Doc. 11-1 at 3. Plaintiffs brought this suit individually and as natural tutors of G.C., alleging that Bayou, ArborPro, New Orleans, and other defendants are liable for G.C.'s injuries, as well as Plaintiffs' emotional distress and loss of consortium. R. Doc. 2-1 at 11–12. Bayou, ArborPro, and New Orleans each now move this Court to dismiss Plaintiffs' claims against them for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

II.     APPLICABLE LAW

Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F. 2d 1045, 1050 (5th Cir. 1982). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must construe the allegations in the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in the plaintiff's favor. *Lovick v. Ritemoney Ltd.,* 378 F.3d 433, 437 (5th Cir. 2004) (citing *Herrmann Holdings Ltd. v. Lucent Techs., Inc.,* 302 F.3d 552, 558 (5th Cir. 2002)). A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, courts need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 664 (citing *Twombly*, 550 U.S. at 555). Courts also may not rely on "legal conclusions that are disguised as factual

allegations." *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (citing *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995)). "To raise a right to relief, the complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain a recovery; thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (quoting *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995) (internal quotations and alternations omitted)). If the factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed. *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

In their Motions, Bayou, ArborPro, and New Orleans all make essentially the same argument: That Plaintiffs have failed to state sufficient facts, even when presumed to be true, to plead with any plausibility either that those Defendants owed a legal duty to Plaintiffs in connection with the instant matter or that they breached such a duty. *See* R. Docs. 8-1 at 10–12; 29-1 at 11–12; 30 at 5.

Louisiana law imposes a duty-risk analysis in cases of general negligence which requires a plaintiff to allege and prove five elements: (1) whether the defendant had a duty to conform his conduct to a specific standard; (2) whether the defendant's conduct failed to conform to the appropriate standard; (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures; (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) whether the plaintiff was damaged. *Frazier v. Bryant*, 41,978, p. 4 (La. App. 2 Cir. 4/4/07); 954 So. 2d 349, 352 (citing *Hanks v. Entergy Corp.*, 06–477 (La. 12/18/06), 944 So. 2d 564); *see also* La. C. C. art. 2315. "A duty is an obligation recognized by law to conform

to a particular standard of conduct toward another." *Stirgus v. St. John The Baptist Par. Sch. Bd.*, 11-47, p. 6 (La. App. 5 Cir. 6/14/11); 71 So. 3d 976, 979. "If it is determined that the defendant owes no duty to protect the plaintiff from the risk involved, there can be no liability." *Am. Rebel Arms, L.L.C. v. New Orleans Hamburger & Seafood Co.*, 15-599 (La. App. 5 Cir. 2/24/16); 186 So. 3d 1220, 1223 (citing *Taylor v. Shoney's, Inc.*, 98–810 (La. App. 5 Cir. 1/26/99); 726 So. 2d 519, 523). "Consequently, when no duty exists, a court will dismiss a petition as a matter of law for failure to state a cause of action." *Id.* The Court will consider each Defendant's arguments in turn.

### A. Bayou

In their Complaint, Plaintiffs allege, as is relevant to the instant discussion, that Bayou entered into a "Requirements Contract" (the "Contract") with New Orleans for the "Pruning and Removal of City Owned Trees" in early 2016. R. Doc. 2-1 at 5. Bayou does not contest the existence of the Contract. Instead, Bayou argues Plaintiffs fail to allege the Contract was still in effect at the time G.C. was injured, asserting the Contract terminated no later than 2021. R. Doc. 8-1 at 4; 7. Additionally, Bayou argues Plaintiffs "utterly fail to state any facts as to what specific obligations or services Bayou Tree allegedly undertook" pursuant to the Contract. It points out that the Contract specifically limited Bayou to performing work only on trees identified by and pursuant to a written and signed work order issued by the New Orleans's Department of Parks and Parkways (the "Parks Department"), and that Bayou would in fact have been subject to a fine for performing work not so authorized on any tree. *Id.* at 5–6. Bayou asserts Plaintiffs' Complaint "contains no allegations that [New Orleans] issued a specific work order to Bayou Tree regarding trimming or removal of the subject tree, much less that Bayou Tree failed to perform, or negligently performed, any services it was obligated to perform under a valid work order." R. Doc. 8-1 at 7.

Thus, Bayou argues, the Contract cannot support Plaintiffs' allegations that Bayou owed any duty to Plaintiffs which could have been breached and thereby resulted in Plaintiffs' asserted damages.

Plaintiffs contest Bayou's allegation that the Contract was no longer in effect after 2021, pointing to several documents they received after the filing of the Complaint, pursuant to open records requests sent to New Orleans, which indicate the Contract was in fact extended beyond 2021. R. Doc. 13 at 7–12. The Court cannot consider this factual argument in the context of a Rule 12(b)(6) Motion. *See Pustanio v. Schiffer Published, Ltd.*, 2012 WL 2155168 (E.D. La. 6/13/2012) ("[F]actual arguments are not appropriate on a motion to dismiss filed pursuant to Rule 12(b)(6), as this Court must take the allegations in the complaint as true"). However, as Plaintiffs argue, it is irrelevant whether Plaintiffs alleged in their Complaint that the Contract was still in effect in 2023. *See* R. Doc. 13 at 10. Bayou may have still been negligent in performing under the Contract prior to 2021 by, as Plaintiffs allege, "negligently failing to properly perform tree pruning and removal in New Orleans" as required by the Contract. R. Doc. 2-1 at 10–11.

Bayou also argues Plaintiffs failed to allege any "specific obligations or services Bayou Tree allegedly undertook" under the Contract. R. Doc. 8-1 at 4. But Plaintiffs have alleged, at minimum, that the Contract obligated Bayou to prune and/or remove trees owned by New Orleans. *See* R. Doc. 2-1 at 4–6. Bayou does not contest this fact. And, as Bayou concedes, under Louisiana law, a contractor like Bayou generally owes third parties "a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of its contractual obligations." *Labit v. Palms Casino & Truck Stop, Inc.*, 11-1552, p. 12 (La. App. 4 Cir. 5/9/12); 91 So. 3d 540, 547, *writ denied*, 12-1310 (La. 9/28/12); 98 So. 3d 843; *see also* R. Doc. 8-1 at 10. Nonetheless, Bayou argues Plaintiffs have failed to assert adequately that Bayou breached any such duty in connection with the instant case because its contractual obligations to prune and/or remove any particular tree

5

arose only where it had received a signed work order from the Parks Department to do so, and Plaintiffs have not specifically alleged Bayou was ever issued such an order to work on the subject tree. R. Doc. 8-1 at 6–7.

In opposition, Plaintiffs point to documents they received after the filing of the Complaint, pursuant to open records requests sent to New Orleans, which indicate Bayou did in fact work on the subject tree in 2020. *See* R. Docs. 13-3; 13-4. Bayou argues that these documents cannot be considered by the Court in ruling on the instant motions and should be stricken from the record because they are not "attached to, mentioned in, or relied on by Plaintiffs" in their Complaint. R. Doc. 19 at 2 (citing *Lugo v. Barr*, 2020 WL 10357000, at *6, n. 4 (W.D. Tex. Nov. 24, 2020) ("[A] additional facts asserted in memoranda opposing a motion cannot be considered because such memoranda are not pleadings under Federal Rule of Civil Procedure 7(a)"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim") (citation and alternations removed)). The Court notes that, even if it were to find that it cannot consider these documents in deciding Bayou's Motion to Dismiss, their existence provides clear grounds for this Court to grant Plaintiffs' request to amend their Complaint should this Court find it to be deficient under Rule 12(b)(6). *See* R. Doc. 13 at 20–21; *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend a complaint] when justice so requires."). This evidence contradicts Bayou's argument that Plaintiffs should not be allowed leave to amend the Complaint because such amendment would be "futile[.]" R. Doc. 19 at 8–9.

In any case, the Court need not rely on Plaintiffs' new evidence to deny Bayou's Motion. On the basis of the Complaint alone, Plaintiffs have alleged Bayou breached its duty by

"negligently failing to properly perform tree pruning and removal in New Orleans and other [sic] fully perform all obligations under the Requirements contract with the City of New Orleans with ordinary care[.]" R. Doc. 2-1 at 11. Because Plaintiffs make this allegation in the context of asserting the instant accident—i.e., the collapse of the subject tree—"was the fault of and proximately caused by" Bayou, therein lies the implicit but clear allegation that one of Bayou's "obligations" under the Contract was to properly prune or, perhaps, remove, the subject tree. At the Rule 12(b)(6) stage, this is sufficient. Thus, Plaintiffs have not failed to state a claim upon which relief can be granted as to Bayou, and Bayou's Motion to Dismiss, R. Doc. 8, must be denied.

  B. ArborPro

  In their Complaint, Plaintiffs allege, as is relevant to the instant discussion, that, in 2018, ArborPro entered into a "Professional Services Agreement" contract (the "Agreement") with New Orleans to complete an "inventory" of New Orleans's trees. R. Doc. 2-1 at 3. The Agreement was extended through 2020, *id.*, and required ArborPro, *inter alia*, to inspect all of New Orleans's approximately 103,000 trees and assign each tree a "maintenance category" of "Priority 1 Removal[,]" "Priority 2 Removal[,]" "Priority 3 Removal[,]" "Priority 1 Prune[,]" "Priority 2 Prune[,]" "Large Tree Routine Prune[,]" "Small Tree Routine Prune[,]" or "Training Prune[.]" R. Doc. 29-4 at 34–35; *see also* R. Doc. 2-1 at 3–4. ArborPro would also assign each tree a "Tree Condition" rating of "Good[,]" "Fair[,]" "Poor[,]" "Critical[,]" or "Dead[.]" R. Doc. 29-6 at 3–5; *see also* R. Doc. 2-1 at 3–4. ArborPro does not contest the existence or content of the Agreement, but it argues the Agreement does not support Plaintiffs' allegation that ArborPro owed any duty to Plaintiffs, the breach of which could have caused Plaintiffs' alleged damages. R. Doc. 29-8 at 5–8.

Like Bayou, ArborPro argues Plaintiffs have not alleged ArborPro was under contract with New Orleans at the time of the instant accident. *Id.* at 5. However, as explained *supra*, whether the Agreement had terminated before 2023 is irrelevant: ArborPro may have still been negligent in performing under the Agreement during the contracted term by, as Plaintiffs allege, "failing to properly inspect and report the condition of the tree inventory[;]" or "failing to properly recommend the appropriate remediation or intervention for those trees" as required by the Agreement. R. Doc. 2-1 at 10.

Similarly, like Bayou, ArborPro argues "Plaintiffs do not allege any facts as to what services and duties were owed under" the Agreement. R. Doc. 29-8 at 4. However, Plaintiffs have alleged, at minimum, that the Agreement required ArborPro to inspect and provide a condition rating and maintenance category for each of New Orleans's trees, to indicate what maintenance of each tree was required—whether simply routine pruning, significant pruning to address potential safety hazards like deadwood and broken branches, or complete removal. R. Doc. 2-1 at 2–4. ArborPro does not contest these facts, and also concedes that, under Louisiana law, contractors generally owe third parties "a duty to exercise ordinary care and refrain from creating hazardous conditions in the fulfillment of its contractual obligations." *Labit*, 91 So. 3d at 547. Nonetheless, ArborPro argues Plaintiffs have failed to plead plausibly ArborPro breached any such duty in connection with the instant case because, it asserts, Plaintiffs have not alleged any facts to show ArborPro negligently performed any of those contractual obligations. R. Doc. 29-8 at 10. But Plaintiff has pleaded that ArborPro "failed to proper[l]y classify the subject tree and fail[ed] to recommend proper corrective action[,]" and that this negligence "proximately caused" the instant accident. R. Doc. 2-1 at 9–10; *see also* R. Doc. 29-7 (excerpts from ArborPro's report classifying

8

the subject tree's condition as "Poor" and recommending maintenance of "Large Routine Prune").[1] At the Rule 12(b)(6) stage, this is sufficient. Thus, Plaintiffs have not failed to state a claim upon which relief can be granted as to ArborPro, and ArborPro's Motion to Dismiss, R. Doc. 29, must be denied.

### C. New Orleans

Finally, New Orleans argues Plaintiffs have failed to plead plausibly the existence of any duty and breach on its part in connection with the instant accident. R. Doc. 30-1 at 5. It points to La. R.S. 9:2800(C), which limits the liability of public entities, like New Orleans, to cases where a plaintiff can show, *inter alia*, that the property having caused the damage was within the "care and custody" of the public entity. Based thereupon, New Orleans argues Plaintiffs have not alleged sufficient facts to plead plausibly that it had not delegated "care and custody" of the subject tree to others. R. Doc. 30-1 at 5. New Orleans asserts "responsibility for the inspection, maintenance, and care for the City's trees, including the tree at issue, has been contracted to third parties." *Id.*

As Plaintiffs concede, "[i]f it turns out that the City truly delegated all responsibility for its trees to its contractors, then the City may not owe a duty of care." R. Doc. 39 at 2. However, this is a factual question, which, as discussed *supra*, the Court cannot consider at this juncture. Plaintiffs have alleged, *inter alia*, that New Orleans owns the subject tree, which is not contested, and that New Orleans is liable for the damages Plaintiffs incurred as a result of its collapse for "failing to maintain and properly care for trees in its custody" and "failing to properly inspect trees in its custody *to the extent that [these] responsibilit[ies] w[ere] not delegated to others*[.]" R. Doc.

---

[1] ArborPro argues its classification of the subject tree's condition as "Poor" was correct at the time ArborPro assessed that tree. R. Doc. 29-8 at 6. But whether ArborPro was in fact negligent in classifying the subject tree as "Poor" rather than "Critical[,]" as Plaintiff argues it should have, is a question for summary judgment or trial, not a motion to dismiss.

2-1 at 11 (emphasis added). At the Rule 12(b)(6) stage, this is sufficient. Thus, Plaintiffs have not failed to state a claim upon which relief can be granted as to New Orleans, and New Orleans's Motion to Dismiss, R. Doc. 30, must be denied.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Bayou's, ArborPro's, and the City of New Orleans's Motions to Dismiss, R. Docs. 8; 29; and 30, are **DENIED**.

New Orleans, Louisiana, this 7th day of November, 2023.

_____
Greg Gerard Guidry
United States District Judge