UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VICTOR CRISTEA, ET AL.**                                      **CIVIL ACTION**

**VERSUS**                                                                   **NUMBER: 23-2768**

**ARBORPRO, INC., ET AL.**                                   **SECTION "O" (5)**

**ORDER**

Before the Court is the Motion to Reset Hearing and Reconsider Order on Plaintiffs' First Motion to Compel Discovery Responses from Defendants ArborPro, Inc., and the City of New Orleans. (Rec. doc. 54). Defendants ArborPro, Inc. ("ArborPro") and the City of New Orleans ("the City") oppose the motion (rec. docs. 55, 56), and Plaintiffs have filed a reply. (Rec. doc. 58). Having reviewed the pleadings and the case law, the Court rules as follows.

**I.**     **Reconsideration**

On January 19, 2024, Plaintiffs filed a Motion to Compel Discovery Responses from Defendants ArborPro, Inc., and the City of New Orleans. (Rec. doc. 49). This Court set the motion for oral hearing on February 21, 2024. (Rec. doc. 51). On February 9, 2024, ArborPro opposed the motion and included its responses to Plaintiffs' discovery requests with its opposition. (Rec. doc. 52). The City failed to timely oppose the motion. Accordingly, on February 16, 2024, this Court issued the following Order on Plaintiffs' first motion to compel:

> Before the Court is the Motion to Compel Discovery Responses from Defendants ArborPro, Inc. and the City of New Orleans (rec. doc. 49) filed by Plaintiffs. Defendant ArborPro, Inc. filed an opposition to the motion, attached to which are its discovery responses. (Rec. doc. 52). Defendant the City of New Orleans filed no opposition to the motion in accordance with the local rules of this Court. Having reviewed the pleadings,

>**IT IS ORDERED** that the Motion to Compel Discovery Responses from Defendants ArborPro, Inc. and the City of New Orleans (rec. doc. 49) is **DISMISSED WITHOUT PREJUDICE AS MOOT IN PART** as it pertains to ArborPro, Inc.  This Order reserves the right to Plaintiffs to file the appropriate motion to challenge the sufficiency of ArborPro, Inc.'s discovery responses, should circumstances so warrant.
>
>**IT IS FURTHER ORDERED** that the motion is **GRANTED AS UNOPPOSED IN PART** as it pertains to the City Of New Orleans, who shall respond in full and in writing to Plaintiff's discovery requests **no later than seven (7) days from the date of this Order**.
>
>**IT IS FURTHER ORDERED** that the oral hearing set on February 21, 2024 is **CANCELLED**.

(Rec. doc. 53).

Plaintiffs now ask the Court to reconsider that Order.  Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, such motions are treated as either a motion to challenge a judgment or order under Rule 54(b), 59(e), or 60(b).  *Hotard v. Avondale Indus., Inc.*, No. CV 20-1877, 2023 WL 6448840, at *3 (E.D. La. Oct. 3, 2023), *reconsideration denied*, No. CV 20-1877, 2023 WL 8237272 (E.D. La. Nov. 28, 2023); *Holmes v. Reddoch*, 19-12749, 2022 WL 16712872 at *2 (E.D. La. Nov. 4, 2022).  While Rules 59 and 60 apply to final judgments only, "if a party seeks reconsideration of an order that adjudicates fewer than all the claims among all the parties prior to entry of final judgment, then Rule 54(b) controls."  *Holmes*, 2022 WL 16712872, at *2.  Rule 54 provides that district courts "possess[ ] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 552 (5th Cir. 1981).  Additionally, the Fifth Circuit has held that discovery orders are interlocutory because such orders are nonfinal.  *Zapata v. Meslon*, 750 F.3d 481, 484 (5th Cir. 2014).  Under such a standard, district courts can be "more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory

2

judgments as justice requires." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017).

Though this standard is lower than the threshold used for reconsideration of judgments under Rule 59, courts still "look to similar considerations as those it considers when evaluating Rule 59(e) motions." *Edwards v. Take Fo' Records, Inc.*, Civ. A. No. 19-12130, 2020 WL 3832606 at *11 & n.2 (E.D. La. July 8, 2020). These considerations include "(1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact." *Henry v. New Orleans La. Saints, L.L.C.*, No. 15-5971, 2016 WL3524107, at *2 (E.D. La. June 28, 2016).

Plaintiffs have not offered this Court any reason why it should reconsider its earlier ruling. *Roque v. Brother Int'l Corp.*, No. Civ. A. 13-4778, 2013 WL 5839376, at *1 (E.D. La. Oct. 29, 2013). Plaintiffs raise two arguments in favor of reconsideration that this Court will consider seriatim.

Plaintiffs first argue that Defendants – even ArborPro – failed to timely oppose their motion to compel. While this is true with regard to the City – and this Court granted Plaintiffs' motion to that effect – it is not true as to ArborPro. As noted above, this Court set the motion for oral hearing on February 21, 2024. Despite Plaintiffs setting the motion for submission on February 7, 2024, February 21, 2024 became the submission date when this Court set the motion for oral hearing on that date. This Court's order made any opposition due eight days before that date, which was February 13, 2024. E.D. La. Loc. R. 7.5.

ArborPro timely filed its opposition with its responses on February 9, 2024. This argument lacks merit.[1]

Second, Plaintiffs contend that simply because ArborPro produced "something," its responses did not render their motion moot. Yes, they did. Plaintiffs' motion was a simple motion to compel. Once ArborPro responded, the motion to compel had no further purpose. If a party is not satisfied with the production that it has received in response to a motion to compel, then that party must file the appropriate motion to challenge the sufficiency of the responses or a similar motion to that effect. This Court will not entertain a full motion to compel when some, if not all, of the issues have been rendered moot by an initial production. Reconsideration is **DENIED**.

## II. ArborPro's Responses

In the second part of their motion, Plaintiffs challenge certain deficiencies with regard to ArborPro's and the City's initial responses. Had motion practice proceeded properly, this is the substance of the motion that Plaintiffs should have filed after the Court dismissed their initial motion to compel as moot as it related to ArborPro. In this section of the motion, Plaintiffs maintain that ArborPro and the City have failed to provide certain documents.

To clarify the Court's following ruling on the proportionality of Plaintiffs' discovery requests, some background is necessary. This matter arises as a result of tragic and critical injuries sustained by a child when a large limb broke away from an oak tree (the "subject tree") and fell, crushing him. On July 7, 2023, Plaintiffs and their two children, a Texas

---

[1] *Schexnaydre v. Entergy Operations, Inc.*, Civ. A. No. 13-279, 2016 WL 541439, at *2 (E.D. La. Feb. 11, 2016), does not support Plaintiffs' argument. There, the Court set the oral hearing on the same date that the party who filed the motion set it for submission. *Id.* That was not the case here.

family visiting New Orleans, were sitting on a bench under an oak tree in Jackson Square when the tree limb fell, striking the child, G.C.  (Rec. doc. 2-1 at 1-2, 10).  G.C. remains hospitalized in a coma and his future is uncertain.  (Rec. doc. 11-1 at 3).  Plaintiffs brought this suit individually and as natural tutors of G.C., alleging that Defendants ArborPro, the City, and others are liable for G.C.'s injuries, as well as Plaintiffs' emotional distress and loss of consortium.  (Rec. doc. 2-1 at 11-12).

Having reviewed Plaintiffs' current motion and the oppositions from both ArborPro and the City – in which both Defendants agree to continue to work to supplement and satisfy any deficiencies noted in Plaintiffs' current motion – the Court rules as follows.  To the extent that the information and/or documents are in the possession, custody, or control of ArborPro and/or the City, they shall produce:

- The Tree Inventory Report.  If a summary of the report is the only document that exists, ArborPro or the City shall affirmatively state so.
- All documents related to the inspection and observation of the subject tree.
- All materials referenced during the tree inspections in Jackson Square.
- The identity of all tree inspectors who inspected trees in Jackson Square.  This includes the inspectors' roles at ArborPro and/or the City, the dates that they inspected the subject tree, their qualifications, their training, their reporting to ArborPro and the City on the trees in Jackson Square, and any documents from an inspector related to the subject tree.
- Any documents used by ArborPro to instruct its inspectors regarding the inspections conducted as part of its tree inventory of New Orleans.
- Any communications among or within the parties regarding the subject tree.

5

- Any email to, from, or copying any person affiliated with the Department of Parks and Parkways that includes the terms listed on page 14 of Plaintiffs' motion. (Rec. doc. 54-2 at 14).

In addition, the City shall provide ArborPro with the consent that it needs to produce all responsive documents to Plaintiffs.

As noted above, both ArborPro and the City have agreed to supplement their discovery responses and to work with Plaintiffs to satisfy their discovery obligations. General objections will not satisfy such obligations. Any responses to interrogatories shall be verified pursuant to the Federal Rules of Civil Procedure. Should ArborPro or the City withhold any document on the ground of privilege, it shall produce a detailed privilege log simultaneously with its production. ArborPro and the City shall have **fourteen (14) days from the date of this Order** to comply with these obligations.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Reset hearing and Reconsider Order on Plaintiffs' First Motion to Compel Discovery Responses from Defendants ArborPro, Inc., and the City of New Orleans (rec. doc. 54) is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, this 3rd day of April, 2024.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**